May it please the court, Stephen Tramitine appearing on behalf of the appellant, Mr. The question here is whether it is procedurally unreasonable for a sentencing judge to explicitly punish a defendant for the exercise of his constitutionally protected rights, most notably his decision not to testify in his own defense at trial. And whether or not the sentencing judge in this matter was explicit in that punishment is clear from the record. And I would like to start with the sentencing judge's comments at the beginning of his sentencing, because after all, that's why we're here. When the judge began sentence, he said, I'll impose sentence now, Mr. Cabrera. I am, as the government recommends, going to sentence you at the top of the guideline range. The reason I'm going to do that, Mr. Cabrera, is because throughout these proceedings, I have to tell you, you know, your behavior to me at least evinced a pretty complete disrespect for the law and for these proceedings generally. I'll give you some examples. While everybody has the constitutional right to go to trial, you have at least, as far as I'm aware, through your attorney and through letters to me, persisted in what I view as some fantastic story regarding the altering of these tapes. Could that be a basis for sentencing someone at the high end of the guidelines, just that statement alone? If the district judge believes it's a fantastic story about altering the tapes, why is there any problem with that? Well, I think what that allows for is for the judge to inject himself into trial strategy and to become more than. But if the judge thinks this is an absolutely crazy idea that Cabrera had, that the tapes had been altered, why shouldn't the judge be able to sentence at the high end of the guidelines? Well, I think it relates back to the inability of Mr. Cabrera to adequately vet those tapes and acquire an expert earlier on in the case. This particular judge, and I hope I'm answering your question in a roundabout way. If the judge believes that a claim is frivolous, certainly the case law supports the fact that the judge could sentence the defendant on that basis. But to punish Mr. Cabrera in this instance under these facts with this record is unfair, and let me tell your Honor why. The original motion that was filed regarding these audio tapes, which was a critical piece of evidence for the government, was a very clumsy motion, for lack of a better word. The attorney for Mr. Cabrera submitted an unsworn affidavit stating very generally that Mr. Cabrera believed that the tapes omitted certain portions of the conversation and were inaudible in other aspects. The attorney did not research whatsoever any expert, identify an expert, what rate that expert would charge for that expert's services. That motion was summarily denied. Mr. Cabrera never even had an opportunity to put himself on the record, either at trial or in support of his request for an expert to have these tapes analyzed, because the motion that was filed was summarily denied for two reasons. Number one, it failed to identify a legitimate controversy, and secondarily, it failed to give the court any information about what type of expert would be required and what that cost would be. I think it's a very dangerous road to go down when we have judges who inject themselves into these proceedings and determine whether or not a particular defense strategy is adequate in sentencing. I suppose a proper sentencing factor is a sentence that, quote, will promote respect for the law, right? That's right in 3553A, right? Correct. The question, I suppose, is, is a frivolous defense one that is contrary to promoting respect for the law? Do you have any authority one way or the other on that point? I do not. I would just say factually, in this case, this was not a frivolous defense. This defense regarding these tapes, and you can look at what the jury did when the jury was in the deliberation room. The jury asked for the tapes to be replayed. Certainly, through cross-examination of Mr. Cabrera's counsel, some questions, in fact, had been raised that the jury wanted to hear this tape. Therefore... This sounds like a fact question where we have to defer a lot to the district judge as to whether these are or not frivolous. Certainly, but this sentencing judge does not use the word frivolous, and in his sentencing... Fantastic. He says fantastic story. You're right. I mean, I... He, if... I'm sorry, Your Honor. We just have the plain language of what the judge said during the sentencing, and what I didn't get to is perhaps the most important aspect of that quote, which says, you never put yourself on the record, either at the trial or in support of your request for an expert to have these tapes. The first thing that the judge mentions is Mr. Cabrera's behavior. Now, that behavior... There is nothing on the record that Mr. Cabrera was jumping up and down during the trial or being disrespectful to any of the jurists or any of the attorneys involved. There certainly was a... Throughout this record, there is a tension between Mr. Cabrera and his court-appointed attorney, and that is very common throughout courtrooms across the United States. It is likely one of the most tenuous relationships one can imagine, trying to protect a defendant from the power of the government in their case, and also protecting that defendant from himself, and it's... We would respectfully submit that the record supports that Mr. Cabrera's attorney did very little to protect him in a very foreign atmosphere for Mr. Cabrera, who obviously did have a criminal history. He wasn't new to the court, but there was also a language barrier here. Mr. Cabrera's native language is Spanish, and the entire record evokes quite a bit of miscommunication, which is common, and what it appears here is that the judge didn't like the disjointed nature of the defense, and that all began when Mr. Cabrera was not allowed to have a basic review of this very important piece of evidence, and it's our position that that was due to a lack of effectiveness of counsel. Mr. Cabrera himself, on the record, states that he didn't even realize that there would be no expert or there would be no analysis of the tapes until he arrived at trial, so that was quite surprising to him. Counsel, was there any particular reason why your client never indicated what he thought the tapes would show or why he thought the tapes had been altered? In the motion, which was a suppression motion, citing Brady v. Maryland, which was inapplicable, there were two motions, a suppression motion kind of in tandem with the motion for authorization of an expert. It does aver in that motion that Mr. Cabrera believed that the tape omitted important aspects of that conversation, and at the very minimum, it also relates that sections of the tape were inaudible, and although that argument wasn't made, it certainly could have been made that an expert analysis or enhancement of that tape could have illuminated what those discussions were. It's a sound part of defense strategy not to reveal your theory of the case prior to trial. I believe from the record in the motion that what Mr. Cabrera was trying to do through counsel was create a question of fact, state generally where, and also Mr. Cabrera did note that there could be or he believed there to be exculpatory evidence that should have been on that tape that was not. So those were the factual questions that Mr. Cabrera raised. But now that he's on appeal, he's still not willing to say what he thinks was on the tape or what the tapes would have shown had he had an opportunity to have them examined by an expert? Well, Your Honor, that respectfully could have been part of the appeal, but the appeal focuses on the sentencing judge's language and explicitly punishing Mr. Cabrera for failing to support that theory with his own testimony, which is a basic fundamental right for him to have invoked and should not be held against him. Part of any defense theory or assertion of their defense is to poke holes in a case, and without any sort of support for his beliefs or his positions about what the tape should have had or would have had or could have had, Mr. Cabrera decided not to testify. And if the court holds otherwise and decides that this type of language in sentencing is permissible, it is permissible to use a defendant's election to cross it, to use his Sixth Amendment right to cross-examine witnesses regarding the authenticity of the tape, use his Fifth Amendment right not to testify in support of that, it creates a catch-22 because it is established law that where a defendant does decide to testify and the sentencing judge decides that that defendant is being untruthful, then that certainly can be held against him in sentencing. Suppose we agree with you that this one comment, you never put yourself on the record either at trial or in support of your request for an expert, was a violation of your client's constitutional rights. Why should we not nonetheless affirm the sentence because there were other reasons, which is this disrespect for the law and fantastic story idea? Assuming we thought that that was okay, would that be enough to allow this sentence to be affirmed? No, Your Honor, because that disrespect for the law, and it is clear from the record, relates to the judge's frustration that Mr. Cabrera didn't support his defense theory in the manner of which the judge thought he should support it, and that would have been by putting himself on the record. So it's all interrelated, in other words, and the case would need to go back to the district court for re-sentencing. Correct, and I would also note that is the first thing that the sentencing, I realize I'm out of time. If you want to respond to that. Timing-wise, it is the first thing that comes out of the judge in terms of, this is why I'm sentencing you. Let me give you an example. I don't like your defense, and the fact that you didn't support it with your own testimony is a disrespect for the law, and it's our submission that a defendant's invocation of their Fifth Amendment right to remain silent does not evince a total disrespect for the law, and the sentence should be invalidated for that reason. Thank you. May it please the Court. Michael Porter on behalf of the United States. The defendant received a within-guideline sentence. He received a sentence of 63 months. He also received a consecutive sentence of 14 months. That was on a prior supervised release revocation for his first federal felon in possession conviction. The defendant does not appeal the consecutive sentence he received on a supervised release violation. Rather, he appeals his sentence, and he claims that it is procedurally unreasonable because the district court punished him for the exercise of certain constitutional rights. The United States submits that the record indicates and reveals that the district court did not commit plain error in this case, and that the district court did not punish the defendant for the exercise of his constitutional rights. I do think that the standard of review is important in this case, and I'd like to touch on it a little bit later in my argument, but what we are dealing with is a plain error standard of review. But the district judge does make this comment. You never put yourself on the record, either at trial or in support of your request. Why isn't that a violation of the Fifth Amendment right? Because I think that the intent that the defendant seeks to ascribe to that statement is taken out of context. The district court didn't just say that, Your Honor. The district court said at trial or any other time, and I may have misquoted exactly what the district court said, but what the district court was referring to was the proceedings in general, and I do think the background is important in this case. At the beginning of this case, the defendant filed a motion seeking expert fees, and what the defendant sought to do was challenge the audio recording of the control by that was played at trial in this case. Now, the magistrate judge denied that motion, and in denying the motion, the magistrate judge essentially stated that the defendant had failed to provide any basis for that. The defendant never sought to renew that motion. The defendant could have. Now, we fast forward a little bit to trial. It was a pretty short trial. It was a day-long trial. The verdict was returned on the second day. From what I was able to glean during trial, the defendant's defense at trial was not so much that these audio tapes had been altered in some way, but rather the defendant sought to put on a defense that he was also acting as a confidential informant for law enforcement, unbeknownst to the confidential informant that actually testified at trial and law enforcement. The defendant actually requested an entrapment instruction at trial and received that instruction. So I don't think his defense focused on the audio recording itself, or at least not exclusively on that. But we fast forward a little bit after that. Shortly after trial, the defendant sought to obtain new counsel, and the magistrate judge granted the defendant a hearing on that. Now, the magistrate judge did give defendant new counsel, and I do think this is rare. The magistrate judge, in so doing, she stated on the record at that hearing that she believed that the defendant had, in fact, committed perjury. At the hearing on his motion for new counsel, and what... So the magistrate judge, of course, was not the trial judge. That's the district judge. So what's the magistrate judge making the judgment that there was perjury? What had happened in that particular hearing, Your Honor, is the defendant had stated on the record under oath that his attorney had essentially promised him victory if he had gone to trial, and the magistrate judge found that statement very problematic. And I believe that was the basis for the comment that the defendant had committed perjury during that particular hearing. We fast forward a little bit later, and this is before sentencing. The defendant sends a letter, a pro se letter, to the district judge. And in that letter, I do think the defendant, and this may go back to one of your questions, Judge Clay, I do think the defendant attempts to shed some light at that point on what he believes would have been on this audio recording. The defendant in that letter says that he was convicted of an offense he did not commit because he was being held at gunpoint during the controlled by. The defendant also alleges that law enforcement edited the tape of the controlled by, and he also alleged that the United States edited the tape of the controlled by. So then we fast forward to sentencing, and at this point, the district court has all of this information. When it's considering an appropriate sentence to fashion in this case under the 3553A factors. The district court was clearly frustrated, and the district court stated on the record that it had perceived defendant's conduct throughout the course of these proceedings as evincing a complete disregard for the law and lack of respect for the proceedings. I submit that that statement was accurate and on point. The basic problem is there is this statement, you never put yourself on the record either at the trial or in support of your request for an expert, and then there's a period, and that's a transcript obviously. So if we thought that that were a violation of the Fifth Amendment rights to criticize the defendant for not testifying at trial about his theory, why shouldn't we send this case back to the district court to resentence without factoring in that factor? I do agree with Your Honor that that particular sentence is disconcerting. However, it's only disconcerting when it is taken out of context. There were other factors in the record that support the district judge's sentence in this case. Sure, but doesn't that raise the basic question? If a district judge has five factors that are proper factors, and one factor that is, we're going to assume, unconstitutional, shouldn't this panel send it back so the district judge could remove the offending factor and just look at the five valid factors? Maybe you can give me a case that would say, no, you don't have to do that, and that would be great. I don't have that case, Your Honor, and I would concede it If the court believes that what the district judge did in this case was punish the defendant for exercising any constitutional rights, then the appropriate thing to do is to remand the case for resentencing. We have no way of knowing that. And that is why the standard of review is so important in this case, Your Honor. It is a plain error standard of review. What plain error is, it's error that is so palpable. It is clear and obvious. It jumps off the page. The defendant does seek to ascribe a malintent to the district court's comments, some of them in this case. But I submit that the only way that you get there is if you interpret and read between the lines as to what the district court meant. And whenever you have to engage in that type of analysis, it cannot be plain error. It's not error that is so clear and so obvious that it jumps off the page. Tell me, what about this other basis that is dispensed as so frivolous or fantastic that that itself shows a disrespect for the law? Do you have any case authority that says a frivolous or fantastic defense that the district judge doesn't think has much merit is around to sentence someone more harshly? I submit that it is an appropriate consideration of the 3553A factors. And the factor that I would cite to is to promote respect for the law. I don't have a specific case on point, Your Honor. What I do have, and we did cite this in our brief, and it's United States v. Miller. And what United States v. Miller essentially stands for, and admittedly it is in a different context, but it stands for the proposition that litigants don't have a constitutional right to pursue frivolous claims. Frivolous claims, but this is a defense, not a claim. Miller, he was threatening to file a baseless defamation suit, right? It was, Your Honor. But I submit that what the district court is truly concerned with here is the allegations, the lack of support for the allegations. A defendant absolutely has a constitutional right to present a defense. But with this particular instance right here, there was no support that was ever given as a basis for those allegations. And they are pretty bold allegations. And that was the concern that the district court has. And there's a lot of different ways that a defendant can present these type of issues to the court outside of the presence of the jury. So I don't think it's fair to say that when the district court made that comment, that what he was referring to is either the defendant's right to not testify at trial or the right to cross-examine witnesses. Attorneys make motions in limine all the time. When you say that you don't have any case to support your position, are there any cases at all that have gone one way or the other on whether having a fantastic story or frivolous defense can be an example of disrespect for the law under the 3553A factors? Are there any cases at all dealing with this, no matter whether they're pro or con your position? I don't. I was unable to find a case either way, Your Honor. What I would attempt to analogize it to is two things. The obstruction of justice context and also the acceptance of responsibility context. At sentencing, a judge can impose an enhancement for obstruction of justice if the judge believes, for example, that the defendant perjured himself at trial. That's the classic example. It is. And that's the best example I can come up with. But the district court does have the discretion in that type of instance to impose an enhancement for obstruction of justice. Nobody asked for that here, right? Nobody did, Your Honor. The government didn't ask for it. The probation officer didn't suggest it. Tell me when I'm wrong. You're right. You're correct, Your Honor. So it sort of is interesting that there is no effort to have an obstruction of justice, even though the magistrate judge at one point you're saying said that there was perjury involved. And then it is being used arguably as a factor under this disrespect for the law component of the 3553A. Are there cases where that has happened, that actions that could have been obstruction of justice are in fact used as disrespect for the law? Judge, I don't know whether there are or not. I don't. I can't stand here and tell Your Honor that I'm aware of any. But I would also liken this to the acceptance of responsibility context. And judges do have the discretion at sentencing to withhold two points for acceptance of responsibility. Now, the judge didn't do that in this case, but I submit that if a judge has the discretion to withhold, for example, points for acceptance of responsibility, then he certainly has the discretion to sentence a defendant within the guidelines for what he perceives to be, among other things, a total disrespect for the law. I'm just skeptical of whether putting on even a crazy defense theory is disrespect for the law. I mean, we've got this Supreme Court case of Indiana v. Edwards that says the defendant has a constitutional right to challenge the state's case, quote, in any way he sees fit. But the defendant didn't put on a crazy defense theory, Your Honor. He didn't put on any defense. As far as I can glean, he didn't put on an amount of serious defense related to his allegations about this particular audio recording. He did send a letter to the district judge saying that the audio recording was audited by law enforcement in the United States and that if it had not been, clearly the court would have been able to discern that he was held at gunpoint during this transaction. At trial, the defendant's defense essentially focused on entrapment, and he sought to argue that he was a confidential informant as well. Maybe he had to switch to that theory after the district judge wouldn't allow him to have an expert to examine the tape. Well, Your Honor, that motion was brought earlier on in the proceedings. The defendant never renewed that motion, and he could have. What the magistrate judge said is, you didn't get me anything in here to support this request. The magistrate judge didn't say, you can't file another motion and put some facts in here that would support your request. The magistrate judge simply said, there isn't enough in here for me to grant it. Your opponent was implying that there might be an IAC claim down the road, that this is the attorney's flaw, not the defendant's flaw, which would be an interesting idea, which was not an issue in front of us. If it is, Your Honor, what I would submit is that that is more properly addressed in a 2255 motion and not on a direct appeal. The reason for that is ineffective assistance of counsel claims are often very fact-specific. And the appellate court, in the first instance, it's a very difficult situation for the appellate court to look at a case and make a determination on whether or not there was ineffective assistance of counsel. Oftentimes, district court judges will hold hearings on these and hear proof. And I do think that there's a possibility that there may be a 2255 motion in this case later on down the road. But I would submit the district court is the best place for that to be handled in the first instance. The only factor that's raised from my reading of the district judge's sentencing for sentencing at the high end is this disrespect for the law, which is shown through the two aspects mentioned by the district judge. One, the fantastic story, and two, the defendant not putting himself on the record. Am I missing something? Was there any other factor that the district judge relied on for a high-end sentence? Not that the district court expressly relied on, Your Honor. However, there were arguments that were presented to the district court. And I do think we can infer at least that the district court considered those arguments. The United States did note that this particular defendant had a serious criminal history. The United States noted that he had a violent past. He had a prior conviction for a specially attempted aggravated robbery where he attempted to rob a woman at gunpoint. He also had a prior federal felon in possession conviction in front of the exact same court. And that's what the basis for his supervised release revocation was. So the United States did point out to the district court that this particular defendant did have a serious criminal history, not just by virtue of the fact that he had numerous offenses, but that he also had a history of violence in his past. I think we can infer that the district court considered those. But I will admittedly, the district court did not expressly state on the record that that was the basis for the sentence in this case. What I would close with, Your Honor, is the standard of review in this case. And I think it is very important. The standard of review is plain error. And the United States submits that we simply cannot look at the record in this case and ascribe any plain error to the district court unless we seek to read between the lines and attempt to interpret what the district court meant when he made certain comments at sentencing. Any time you have to engage in that type of analysis, I respectfully submit it cannot be plain error. It's not error that is so obvious and clear on the face of the record. The United States respectfully requests that the court affirm the sentence in this case. Thank you. The plain error in this case is in the record. And I don't believe we have to read between the lines. The judge explicitly gave his basis for his decision at the outset of his elocution and gave specific examples for why he decided to sentence Mr. Cabrera more harshly. I'm glad that the government mentioned Mr. Cabrera's pro se motion to remove his counsel because while this is not an ineffective assistance of counsel claim, the effectiveness of Mr. Cabrera's counsel is what led to this judge's frustration with the proceeding in general. And I would submit that this type of tension between attorney and client plays itself out in courtrooms, in trial courtrooms all across the country. It cannot be used to explicitly punish a defendant more harshly. And I want to mention that particular hearing which was not before the sentencing judge but was before Judge Lee. And what Judge Lee said after Mr. Cabrera made the claim that he had been made a promise of success at trial, rather than remaining silent on that issue and protecting his client, Mr. Cabrera's trial counsel basically refuted that claim and said on the record, I did not say that, causing the judge to note that, quote or paraphrase, I've just come as close to a lawyer accusing his client of perjury as I ever have before. And what that is is an example of a lack of protection. Mr. Cabrera and his attorney were trying to come up with a defense. And without the analysis of those tapes, the defense had to take a different direction. And I respectfully disagree with the government that there was not an entrapment defense asserted at trial. That entrapment instruction was submitted, and the basis of that was that there were parts of the tape that were omitted that would have shown that Mr. Cabrera could have thought that he was also working for the government and that these were two individuals that were both trying to, quote unquote, get each other for the government to improve their standing or whatever criminal pending allegations or charges that they had. This ruling may not be consequential for Mr. Cabrera himself. As Your Honor pointed out, this case could be remanded. Judge Matisse could eliminate this impermissible basis for sentencing and rely on the general bases that the government has already put forth that were not specifically delineated in the ruling. But it has far-reaching consequences, and I know my time is up, because it would create a chilling effect. If a defendant is not allowed to meaningfully test the government's case, then the adversarial system breaks down. And defendants are then faced with a choice of constricting their avenues for defense for fear that a judge may be critical of their attempt or be skeptical of its strength. And that's a question for the jury and not a question that should be considered for sentencing. Thank you. Thank you very much. We understand that you're appointed pursuant to the Criminal Justice Act, and we want to thank you for your service to your client and to the cause of justice. We thank you both for your argument, and the case will be submitted. Would the clerk call the next case, please?